UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| BRIDGET WATSON and TODD WATSON, | ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) | 3:10-cv-99-RLY-WGH |
| | ) | |
| COVANCE, INC., COVANCE CLINICAL RESEARCH UNIT, INC., and LIGHT SCIENCES ONCOLOGY, INC., | ) ) ) | |
| Defendants. | ) | |

**ENTRY ON DEFENDANTS' MOTION TO DISMISS**

Bridget Watson ("Mrs. Watson") and Todd Watson ("Mr. Watson") (collectively "Plaintiffs"), bring this products liability action against Covance, Inc. ("Covance"), Covance Clinical Research Unit, Inc. ("Covance Research"), and Light Sciences Oncology, Inc. ("LSO") (collectively "Defendants"), for alleged harm caused to Plaintiffs during a clinical study of a drug manufactured by LSO. The cause is now before the court on Defendants' motion to dismiss Counts II and III of Plaintiffs' Complaint for failure to state a claim. For the foregoing reasons, the court **GRANTS** Defendants' motion to dismiss.

I.  **Factual Background**

On June 6, 2008, Mrs. Watson enrolled in a clinical research study for a drug manufactured by LSO called "Protocol No. LSO-OL011." (Complaint ¶¶ 8-9, 11). As a

1

participant in the study, Mrs. Watson entered into a written agreement with Defendants entitled "Volunteer Information and Consent Form." (*Id.* ¶ 10). Following the completion of the study, Mrs. Watson suffered serious, painful, and permanent physical injuries, which she alleges are a direct and proximate result of being given Protocol No. LSO-OL011. (*Id.* ¶ 14). Mrs. Watson also claims that Defendants failed to provide her adequate warning, instructions, monitoring, and care regarding the drug, both during and after the study. (*Id.*).

Plaintiff's Complaint alleges five claims for relief. At issue in the instant motion are Counts II and III, which are brought against LSO, and allege violations arising under the Indiana Products Liability Act ("IPLA"). Specifically, Count II alleges that LSO is strictly liable for Mrs. Watson's injuries because of a manufacturing defect of the drug, and Count III alleges that LSO is liable for Mrs. Watson's injuries because LSO failed to warn her about the dangers involved in consuming the drug.

## II.  Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(6) permits the dismissal of a claim for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not the merits of the lawsuit. *United States v. Clark County, Ind.*, 113 F.Supp. 2d 1286, 1290 (S.D. Ind. 2000) (citing *Gibson v. City of Chicago*, 910 F.2d 1510, 1520-21 (7th Cir. 1990)). In ruling on a motion to dismiss, the court construes the allegations of the complaint in the light most favorable to the plaintiff, and all well-pleaded facts and

allegations in the complaint are accepted as true. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993). A motion to dismiss should be granted if the plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

**III.   Discussion**

Defendants argue that Plaintiffs fail to state a claim under the IPLA because drugs administered during a clinical trial are not "products" under the statute because they were never placed into the stream of commerce. The IPLA governs claims that are: "(1) brought by a user or consumer; (2) against a manufacturer or seller; and (3) for physical harm caused by a product; regardless of the substantive legal theory or theories upon which the action is brought." Ind. Code § 34-20-1-1. Furthermore, the IPLA states that:

> [A] person who sells, leases, or otherwise puts into the stream of commerce any product in a defective condition unreasonably dangerous to any user or consumer . . . is subject to liability for physical harm caused by that product to the user or consumer . . . if:
> (1) that user or consumer is in the class of persons that the seller should reasonably foresee as being subject to the harm caused by the defective condition;
> (2) the seller is engaged in the business of selling the product; and
> (3) the product is expected to and does reach the user or consumer without substantial alteration in the condition in which the product is sold by the person sought to be held liable under this article.

Ind. Code § 34-20-2-1.

Here, Plaintiffs' do not allege that Protocol No. LSO-OL011 was sold, leased, or

otherwise placed into the stream of commerce. While no Indiana case directly speaks to the issue of whether a drug administered as part of a clinical test qualifies for treatment under the IPLA, case law suggests that a product must be in the stream of commerce in order to state a claim for relief under the IPLA. *See Natural Gas Odorizing, Inc. v. Downs*, 685 N.E.2d 155, 162 (Ind. Ct. App. 1997) (finding that in order to state a claim under the IPLA through a negligence theory, a duty to warn only arises when "a manufacturer . . . puts [a product] into the stream of commerce . . . without a reasonably adequate warning thereby leaving it in an unreasonably dangerous condition to any user, if such warning could be given in the exercise of reasonable diligence" (citing *Jarrell v. Monsanto Co.*, 528 N.E.2d 1158, 1166 (Ind. Ct. App. 1988)); *see also Petroski v. N. Ind. Pub. Serv. Co.*, 354 N.E.2d 736, 747 (Ind. Ct. App. 1976) (finding that in order to state a products liability claim under a strict liability theory, "the test is not whether there has been a technical sale but rather whether the product has been placed in the stream of commerce" (citing *Link v. Sun Oil Co.*, 312 N.E.2d 126 (Ind. Ct. App. 1974)). Plaintiffs are correct in arguing that the IPLA does not require a purchase or sale of a product as a foundational requirement to bring a products liability action. However, as noted above, a product must enter the stream of commerce before the manufacturer is subject to liability under the IPLA. Since Plaintiffs do not allege that Protocol No. LSO-OL011 was in the stream of commerce, but only administered to Mrs. Watson during a clinical study of the drug, Plaintiffs' do not establish a cause of action under the IPLA. Accordingly, Counts II and III must be **DISMISSED**.

## IV. Conclusion

Based on the aforementioned reasons, the court **GRANTS** Defendants' motion to dismiss (Docket # 13). Therefore, Counts II and III of Plaintiffs' Complaint against LSO are **DISMISSED with PREJUDICE**. Counts I, IV, and V against all Defendants remain.

**SO ORDERED** this 6th day of December 2010.

                                                RICHARD L. YOUNG, CHIEF JUDGE
                                                United States District Court
                                                Southern District of Indiana

Electronic Copies To:

Stephen M. Brandenburg
JOHNSON & BELL, LTD.
brandenburgs@jbltd.com

Peter D. Palmer
Palmer Thompson LAW, LLC
ppalmer@palmerthompsonlaw.com

Bradley P. Rhoads
RHOADS & RHOADS PSC
brad@rhoadsandrhoads.com

Sharon L. Stanzione
JOHNSON & BELL, LTD.
stanziones@jbltd.com

Jennifer L. Thompson
Palmer Thompson Law, LLC
jthompson@palmerthompsonlaw.com